IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| WENDY D. WHITFIELD, | ) | |
| | ) | No. 6:13-cv-02409-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Kevin F. McDonald's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB"). Plaintiff Wendy D. Whitfield ("Whitfield") filed objections to the R&R. For the reasons set forth below, the court reverses the Commissioner's decision and remands for further administrative proceedings.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Whitfield filed an application for DIB on May 18, 2010, alleging disability beginning on March 12, 2010. The Social Security Agency denied Whitfield's claim initially and on reconsideration. Whitfield requested a hearing before an administrative law judge ("ALJ"), and ALJ Marcus Christ held a hearing on May 9, 2012. The ALJ issued a decision on May 21, 2012, finding Whitfield not disabled under the Social Security Act. Whitfield requested Appeals Council review of the ALJ's decision. The

1

Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On September 5, 2013, Whitfield filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on January 12, 2015, recommending that this court affirm the ALJ's decision. Whitfield filed objections to the R&R on February 6, 2015 and the Commissioner filed a brief response on February 20, 2015. The matter is now ripe for the court's review.

### B.     Medical History

Because Whitfield's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Whitfield was born on August 9, 1960 and was 49 years old on the alleged onset date. Whitfield has limited education and past relevant work experience as a bingo runner and gas station cashier.

### C.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Whitfield was disabled from March 12, 2010 through May 21, 2012. The ALJ first determined that Whitfield had not engaged in substantial gainful activity during the relevant time period. Tr. 21. At the second step, the ALJ found that Whitfield suffered from the following severe impairments: disorders of the back and obesity. Id. At step three, the ALJ determined that Whitfield's impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments ("the Listings"). Id. at 22; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined that Whitfield had the residual functional capacity

("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a), except that she: can occasionally climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; can frequently push and pull; can kneel and balance frequently; can only occasionally stoop, crouch, and crawl. Id. Additionally, Whitfield must be allowed to use a hand-held assistive device for prolonged ambulation and to sit or stand at her workstation to relieve her pain symptoms as needed. Id. Whitfield must avoid concentrated exposure to extreme heat, cold, or humidity and even moderate exposure to hazards such as unprotected heights or dangerous moving machinery. Id. The ALJ found, at step four, that Whitfield was unable to perform any of her past relevant work. Tr. 25. Finally, at step five, the ALJ determined that considering Whitfield's age, education, work experience and RFC, she could perform jobs existing in significant numbers in the national economy, and therefore concluded that she was not disabled during the period at issue. Tr. 25-26.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by

substantial evidence and whether the correct law was applied." <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." <u>Id.</u> (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." <u>Id.</u> Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

## III.   DISCUSSION

Whitfield objects to the R&R on three grounds, arguing that the magistrate judge erred in: (1) finding that the ALJ properly discounted the opinion of Whitfield's treating physician, Dr. Patricia Campbell; (2) finding that the ALJ properly considered Whitfield's obesity; and (3) finding that the ALJ properly considered the vocational expert's testimony. Because Whitfield's first objection provides a basis for remand, the court need not consider the remaining objections.

Whitfield contends that the ALJ erred by failing to provide adequate reasons to reject the opinions of Dr. Campbell, Whitfield's treating physician. Pl.'s Objections 1.

Regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); <u>see, e.g.</u>, <u>Mastro v. Apfel</u>, 270 F.3d 171, 178 (4th Cir. 2001). "By negative implication, if a physician's opinion is not supported by clinical

4

evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178.

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors: (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(c); see SSR 96–2p; Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006). However, the Fourth Circuit has not mandated an express discussion of each factor and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." Hendrix v. Astrue, No. 1:09-cv-1283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010); see § 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating source's opinion). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

On December 21, 2010, Dr. Campbell provided an opinion that Whitfield's anxiety "should not affect her ability to work" and noted that "she does have a significant lower back problem that does impact her ability to work." Tr. 368. On January 24, 2012, Dr. Campbell provided an opinion regarding Whitfield's ability to perform physical work-related activities. Tr. 471-74. Dr. Campbell opined that Whitfield: could lift no more than 10 pounds; could stand and walk for less than two hours and sit for less than 2 hours in an eight-hour day; could sit for twenty minutes and stand for ten minutes before changing position; must walk around for five minutes every fifteen minutes; must be able to shift at will from sitting or standing/walking; and will sometimes need to lie down at unpredictable intervals during a work shift. Id. at 471-72. Dr. Campbell opined that Whitfield's impairments would cause her to be absent from work more than three times per month. Id. at 473. Dr. Campbell based these opinions on a 2010 MRI and the records of Dr. Jason Highsmith, Whitfield's neurosurgeon. Id. at 472-74.

The ALJ afforded Dr. Campbell's opinion that Whitfield's mental health conditions should not affect her ability to work "great weight." Tr. 24-25. However, the ALJ determined that Dr. Campbell's opinion concerning Whitfield's physical ability is "not consistent with her own treatment records or the medical evidence as a whole." Id. at 25. The ALJ noted that while Dr. Campbell listed Dr. Highsmith's treatment notes in support of her opinion, Dr. Highsmith's notes indicated continuing improvements on many of his treatment records following Whitfield's surgery.[1] Id. However, the ALJ

---

[1] The ALJ also noted that "Dr. Highsmith has not offered an opinion regarding the claimant's disability." Tr. 25. It is unclear to the court why the fact that Dr. Highsmith had not offered a formal opinion on Whitfield's disability prevents Dr. Campbell from supporting her opinion with Dr. Highsmith's treatment records.

6

does not analyze how Dr. Campbell's opinion is inconsistent with her treatment notes or the MRI, both of which she also relied upon.

The ALJ adequately explains only one reason for discounting Dr. Campbell's opinion: that it is inconsistent with some of Dr. Highsmith's treatment notes indicating continuing improvements. However, the record indicates that Dr. Campbell saw Whitfield several times after her surgery and after she had completed her treatment with Dr. Highsmith. It is not clear whether the ALJ considered Dr. Campbell's post-surgery treatment when evaluating her opinion. It is also not clear which of Dr. Campbell's many treatment notes are inconsistent with her opinion. Quite simply, because of the cursory treatment given to Dr. Campbell's opinion regarding physical limitations, the court cannot determine whether the ALJ had "good reasons" for discounting that opinion.

Because the reasoning for the ALJ's conclusion "is lacking and therefore presents inadequate information to accommodate a thorough review," See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994), the court remands this case to the ALJ for further consideration. On remand, the ALJ should consider Whitfield's other allegations of error.

## IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** for further administrative proceedings.

**AND IT IS SO ORDERED**.

                                      **DAVID C. NORTON**
                                      **UNITED STATES DISTRICT JUDGE**

**February 26, 2015**
**Charleston, South Carolina**